LYONS, JUDGE:
On or about July 14, 1981, claimant entered into a contract with respondent for the construction of a food services building at the Colin Anderson Center in St. Mary’s, West Virginia. Claimant’s bid for the project was $839,938.00, but deducted from that sum was $75,027.00 as the amount deleted per contract alternate #1. The alternate reads:
“Delete all kitchen equipment except exhaust hoods for cooking equipment, walk-in refrigeration units, and dishwashing system. Provide rough-in for future installation only.”
Claimant contends that by the terms of this alternate, claimant was not responsible for furnishing and installing the refrigerator and dishwasher, and bid the contract and alternate accordingly. Claimant now seeks to recover $75,027.00 for supplying and installing the equipment in question. Respondent contends that the contract documents require claimant to furnish the refrigerator and dishwasher, and states that this is clearly indicated by an addendum to the contract which lists all omitted kitchen equipment. Neither the refrigerator nor the dishwasher is listed on the addendum.
Gene Gorrell, Executive Vice-President and Senior Estimator at C.G.M. Contractors, testified that the amount of the deduction covered all the kitchen equipment, except for exhaust hoods. Mr. Gorrell stated, however, that while there are exhaust systems for the walk-in refrigerator and dishwasher units, there are no exhaust hoods. He further státed that the addendum listing the omitted kitchen equipment does not list the refrigerator or dishwasher.
The Court finds that by the clear and unambiguous language of the contract alternate and addendum, claimant was responsible for the refrigerator and dishwasher. Therefore, any error in the deduction is due to a mistake on claimant’s part and does not arise out of any ambiguity in the contract documents. The Court is of the opinion to, and does, deny the claim.
Claim disallowed.